# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) E. LYLE JOHNSON REVOCABLE TRUST, through trustee Everett Lyle Johnson, Jr., on behalf of itself and all others similarly situated,

      Plaintiff,

v.

(1) CITATION OIL & GAS CORP.,

      Defendant.

Case No. ____20-cv-452-RAW_____

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff E. Lyle Johnson Revocable Trust, through trustee Everett Lyle Johnson, Jr. ("Plaintiff"), for itself and all others similarly situated, files this Complaint against Citation Oil & Gas Corp. ("Citation" or "Defendant"). Plaintiff alleges and asserts the following against Citation.

### SUMMARY OF ACTION

1. This class action concerns Citation's willful and ongoing violation of a voluntary unitization agreement ("Agreement"), which was ratified by the Oklahoma Corporation Commission in Order No. 115668 (the "Order") and which established the Countyline Unit that spans ninety-two tracts of land across Stephens County and Carter County in Oklahoma.

2. Under the terms of the Agreement (and the Order ratifying it), Plaintiff and the Class are entitled to net revenue interest ("NRI") payments calculated on a unit basis, but Citation has failed to pay Plaintiff or the Class according to these mandated NRI amounts.

3. Additionally, Citation owes Plaintiff and the Class statutory interest on these unpaid proceeds under the Production Revenue Standards Act ("PRSA"). *See* 52 O.S. § 570.10.

4. For these reasons, Plaintiff files this class action against Citation to obtain relief for itself and all similarly situated owners who haven't received the proceeds or statutory interest to which they're entitled.

## PARTIES

5. The preceding allegations are incorporated by reference.

6. Plaintiff E. Lyle Johnson Revocable Trust was formed on December 29, 1992, under the laws of Oklahoma.

7. Plaintiff owns a working interest in several tracts of land within the boundaries of the Countyline Unit operated by Citation.

8. Specifically, Plaintiff owns leasehold rights under several oil-and-gas leases covering the following tracts of land within the Countyline Unit: the SE 10 acres of Lot 4 (a/k/a the SE/4 SW/4 SW/4) of Section 30-1S-3W; the SE/4 NW/4 of Section 31-1S-3W; Lot 4 of Section 31-1S-3W; the S/2 SE/4 NE/4 and the NE/4 SE/4 of Section 36-1S-4W; and the NE/4 SE/4 SE/4 of Section 36-1S-4W.

9. Defendant Citation Oil & Gas Corp. is a corporation organized under Delaware law with its principal place of business in Houston, Texas. Citation may be served with process by serving its registered agent Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159.

10. At all times relevant to the claims asserted in this Complaint, Citation was the operator of the Countyline Unit and was solely responsible for ensuring the proper payment of proceeds from the Countyline Unit's oil and gas production.

## JURISDICTION & VENUE

11. The preceding allegations are incorporated by reference.

12. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the class and Citation are citizens of different states.

13. This Court has personal jurisdiction over Citation because it has availed itself of this forum by operating in Oklahoma and distributing oil-and-gas proceeds across Oklahoma.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District.

## FACTUAL ALLEGATIONS

15. The preceding allegations are incorporated by reference.

16. Again, Plaintiff owns leasehold rights under several oil-and-gas leases covering the following tracts of land within the Countyline Unit: the SE 10 acres of Lot 4 (a/k/a the SE/4 SW/4 SW/4) of Section 30-1S-3W; the SE/4 NW/4 of Section 31-1S-3W; Lot 4 of Section 31-1S-3W; the S/2 SE/4 NE/4 and the NE/4 SE/4 of Section 36-1S-4W; and the NE/4 SE/4 SE/4 of Section 36-1S-4W.

17. Plaintiff received these rights through an assignment filed of record on January 6, 1993, and executed by E. Lyle Johnson, the settlor of the Trust.

18. Plaintiff's rights were included among those unitized under the Agreement, which was executed in October of 1974. A copy of the Agreement is attached as **Exhibit 1**.

19. Specifically, Plaintiff holds rights in Tract Nos. 79 and 89–92, as detailed on the plat attached to the Agreement. *See* **Ex. 1** at 57.

20. Further, the Agreement includes an ownership schedule, which provides: the names of those participating in the Countyline Unit's formation and operation; a legal description of each tract included in the Countyline Unit; a number for each tract and participant; and the tract participation percentages for each person or entity as to each particular tract, calculated on a unit basis. **Ex. 1** at 52–56.

21. Under this schedule, Plaintiff's rights are as follows:

| **Tract No.** | **Legal Description** | **Participation %** |
|---|---|---|
| 76 | SE 10 acres of Lot 4 Section 30-1S-3W | 0.19958% |
| 89 | SE/4 NW/4 Section 31-1S-3W | 0.20105% |
| 90 | S/2 SE/4 NE/4 and NE/4 SE/4 Section 36-1S-4W | 0.56484% |
| 91 | NE/4 SE/4 SE/4 Section 36-1S-4W | 0.16486% |
| 92 | Lot 4 Section 31-1S-3W | 0.25497% |
| | | **1.3853%** |

22. Despite Plaintiff's clear right to proceeds from the Common Source of Supply covered by the Countyline Unit, Citation has failed to properly pay Plaintiff its proportionate share of proceeds, ignoring the unitization requirements of the Agreement and Order.

23. Plaintiff only recently discovered Citation's improper payments through an investigation by its counsel. Plaintiff also previously contacted Citation to address the issues, but Citation ignored Plaintiff, refusing to provide information required by the Agreement and Order.

## CLASS ACTION ALLEGATIONS

24. The preceding allegations are incorporated by reference.

25. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who are or were owners in the Countyline Unit and weren't paid their full NRI under the terms of the Agreement and Order.
>
> Excluded from the Class are: (1) Citation, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma.

26. Upon information and belief, absent Class members entitled to proceeds from Citation for their full NRI number in the hundreds, if not thousands. Thus, the Class is so numerous that joinder of all members is impracticable.

27. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class owned an NRI in the Countyline Unit as to the Common Source of Supply;

   b. Whether Plaintiff and the Class received their full NRI payments under the terms of the Agreement and Order;

   c. Whether Citation owes statutory interest to Plaintiff and the Class on the underpaid proceeds;

   d. Whether Citation owed Plaintiff and the Class a fiduciary duty; and

5

      e. Whether Citation breached its fiduciary duty to Plaintiff and the Class.

28. Plaintiff's claims are typical of the Class because each Class member has been harmed in the same way.

29. Citation treated Plaintiff and Class in the same way by failing to pay the unitized NRI required by the Agreement and Order.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

31. The averments of fact and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

      b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought in this Complaint against Citation relating to its failure to properly pay the full NRI as required by the Agreement and Order;

      c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

      d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class may never fully discover the wrongful acts of Citation, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Citation.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

33. The preceding allegations are incorporated by reference.

34. Plaintiff brings this cause of action on behalf of itself and the Class.

35. Plaintiff and the Class were legally entitled to the payments of oil-and-gas proceeds from Citation on a unit basis according to the NRIs set out in the Agreement, which is a valid and binding contract.

36. Plaintiff and the Class's respective rights to NRI payments extends to all production of oil or gas from the Common Source of Supply underlying the Countyline Unit.

37. Throughout the course of Citation's operations, Plaintiff and the Class did not receive proper NRI payments from the development of the Common Source of Supply.

38. Citation's failure to properly distribute NRI payments to Plaintiff and the Class was knowing and intentional.

39. Plaintiff and the Class suffered harm as a result of Citation's contractual breach of its duty and responsibility to pay proceeds from the sale of oil and gas in accordance with the terms of the Agreement and Order.

### Count 2 – Breach of Fiduciary Duty

40. The preceding allegations are incorporated by reference.

41. Plaintiff brings this cause of action on behalf of itself and the Class.

42. Citation owed, and continues to owe, a fiduciary duty to the owners who are parties to the unitization agreement and order (or their successors in interest) creating the

Countyline Unit. *See Krug v. Helmerich & Payne, Inc.*, 2013 OK 104, ¶ 15, 320 P.3d 1012, 1018 ("A unit operator in a unitized section owes a fiduciary duty to the royalty owners and lessees who are parties to the unitization agreement or order creating the unit. The duty is not created by the lease agreement but rather by the unitization order and agreement.").

43. Citation has breached this fiduciary duty to Plaintiff and the Class in numerous ways, including by placing its interest over those of Plaintiff and the Class and by failing to properly account for and distribute oil-and-gas proceeds as required by the Agreement and Order.

44. Plaintiff and the Class were directly harmed by these breaches in that they did not receive the proceeds to which they're entitled under the Agreement and Order.

45. Plaintiff and the Class are entitled to actual and punitive damages from Citation's blatant breach of fiduciary duty.

### Count 3 – Breach of the PRSA

46. The preceding allegations are incorporated by reference.

47. Plaintiff brings this cause of action on behalf of itself and the Class.

48. The PRSA requires Citation to pay proceeds within statutory timelines. *See* 52 O.S. § 570.10.

49. Citation has violated the PRSA by failing to pay Plaintiff and the Class their proportionate share of the proceeds under the Agreement and Order.

50. Additionally, Citation owes statutory interest on all payments that weren't made in accordance with the NRIs set out in the Agreement.

51. Citation's failure to pay statutory interest was knowing and intentional.

## JURY DEMAND

52. Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Citation to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Citation's breaches and unlawful conduct;

3. An order requiring Citation to pay Plaintiff and the Class according to the Agreement and Order in the future;

4. An order requiring Citation to pay interest, as required by law, to Plaintiff and the Class;

5. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Citation's wrongful acts, as alleged in this Complaint;

6. An order requiring Citation to pay the Class's attorney fees and litigation costs as provided by statute; and

7. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770

reagan@bradwil.com
ryan@bradwil.com
**COUNSEL FOR PLAINTIFF**